IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00167-MR

| | |
|---|---|
| SALIMABDU GOULD,[1] )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Plaintiff's Complaint [Doc. 1] and Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2]. Also pending is Plaintiff's "Motion and Request for Pertinent Documents" [Doc. 4].

*Pro se* Plaintiff is a prisoner in the custody of the North Carolina Department of Public Safety (NCDPS) at the Marion Correctional Institution. Plaintiff filed this action pursuant to the Federal Tort Claims Act and 42

---

[1] Also known as Abdu-Salim Gould (see E.D.N.C. Civil Case Nos. 5:14-ct-03066-FL and 2:14-cv-00075-FL) and as Abdu Salim-Gould (see E.D.N.C. Civil Case No. 2:15-cv-00002-FL).

U.S.C. §§ 1985 and 1986.[2] He names as Defendants: the United States of America; Terrence W. Boyle, Chief United States District Judge for the Eastern District of North Carolina; Louise W. Flanagan, a United States District Judge for the Eastern District of North Carolina; and Peter A. Moore, Jr., the Eastern District's Clerk of Court.

In his Complaint, Plaintiff identifies himself as a convicted and sentenced state prisoner as well as an "illegal imprisoned private entity – secured party indemnitee victim of domestic terrorism – domestic violence." [Doc. 1 at 4]. Plaintiff alleges that, since March 2014, Defendants Flanagan, Boyle, and Moore deliberately entered false reports, destroyed and failed to file documents, and failed to perform their duties in various cases in the Eastern District of North Carolina.[3] Plaintiff appears to allege that Defendants conspired with other state actors to falsely imprison Plaintiff, deprive him of access to the courts, deprive him of legal mail and personal property, and have him falsely segregated for long periods of time.[4] Plaintiff

---

[2] Plaintiff also purports to proceed under the Federal Conspiracy to Obstruct Justice Act; 18 U.S.C. §§ 241, 242, 1001 and 1203; 28 U.S.C. §§ 1251; various provisions of the United States Constitution, and the common law. [See Doc. 1 at 3].

[3] These include Case Nos. 5:14-ct-03066-FL, 2:14-cv-00075-FL, 5:15-hc-02022-BO, 5:15-hc-02138-D, 5:17-ct-03136-BO, 5:18-ct-03154-BO, and 5:19-ct-03170-FL.

[4] Portions of the Complaint are illegible and/or unintelligible. For instance, Plaintiff alleges "The presentation of false documentations or judgments without good faith are considered fraud and the incorporation as freeholders, shareholders, commercial agents to do

2

alleges that Defendants' actions have caused him to be vindictively prosecuted, illegally imprisoned, beaten, and retaliated against. Plaintiff alleges that he has sustained physical, psychological, emotional, and financial injuries as a result of Defendants' actions. Plaintiff seeks injunctive relief and compensatory, nominal, and punitive damages. In an Affidavit of Facts appended to the Complaint, Plaintiff alleges that he is in "imminent danger" of physical abuse and that he has been threatened and harassed. [Doc. 1 at 23-24].

Plaintiff has filed a "Motion and Request for Pertinent Documents" [Doc. No. 4], in which he appears to seek free copies of documents from his habeas corpus proceedings.

The Prison Litigation Reform Act's (PLRA) three-strikes rule "generally prevents a prisoner from bringing suit *in forma pauperis* (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). Any of the

---

business in bad credit/breach of contract and oath of office under color-of-law to obstruct justice for the benefit of comprising funding in a conspiracy to kidnap-imprison-denationalize in retaliation for exposure." [See Doc. 1 at 7].

enumerated types of dismissals counts as a strike, "whether [the dismissals are] with prejudice or without." Id. To avoid application of the three-strikes bar, a prisoner must demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The requisite imminent danger must address a danger that is "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." Meyers v. Comm'nr of Soc. Sec. Admin., 801 F. App'x 90, 96 (4th Cir. 2020). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Plaintiff has filed at least three prior civil actions that count as strikes under § 1915(g): Gould v. Farrakhan, Civil Case No. 2:15-cv-00002-FL, 2015 WL 1046133 (E.D.N.C. March 10, 2015) (dismissed for failure to state a claim; no appeal taken); Gould v. Bertie Cnty., Civil Case No. 5:14-ct-03066-FL, 2015 WL 11090417 (E.D.N.C. Jan. 13, 2015) (dismissed for failure to state a claim), *aff'd* 604 F. App'x 284 (4th Cir. 2015); Gould v. Summey, Civil Case No. 2:14-cv-00075-FL, 2015 WL 412832 (E.D.N.C. Jan. 30, 2015)

(dismissed for failure to state a claim; appeal voluntarily dismissed). This Court recently found Plaintiff to be subject to the three-strike bar in another *pro se* action, Civil Case No. 1:20-cv-00127-MR, and he has been added to this Court's Filer Status Report in CM-ECF.

Plaintiff seeks to avoid the three-strikes bar by contending that he is in imminent danger of physical harm. However, Plaintiff's vague allegations of harassment and threats have no nexus to the underlying complaint and are too vague and conclusory to establish that he is in imminent danger of physical harm. See, e.g., Merriweather v. Reynolds, 586 F.Supp.2d 548 (D.S.C. May 11, 2008) (holding that inmate's allegations of serious retaliation, continuous threats on his life, that he is in danger from prison gangs, and that prison personnel have threatened to put him in a pink jumpsuit, were insufficient to establish an imminent danger of physical harm under § 1915(g)).

Plaintiff is subject to the three-strike bar; he has not prepaid the filing fee; and he has failed to demonstrate that he is in imminent danger of physical harm. Therefore, he may not proceed *in forma pauperis* pursuant to § 1915(g). Accordingly, the Court will dismiss the Complaint without prejudice. The "Motion and Request for Pertinent Documents" [Doc. 4] will be denied as moot.

**IT IS, THEREFORE, ORDERED** that:

(1) The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 8] is **VACATED**;

(2) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED**;

(3) The Clerk of Court's Financial Department is instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee in this case, if any;

(4) The Clerk is respectfully instructed to mail a copy of this Order to the Marion Correctional Institution so that withdrawals from Plaintiff's inmate account for this case can be terminated;

(5) Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**; and

(6) Plaintiff's "Motion and Request for Pertinent Documents" [Doc. 4] is **DENIED AS MOOT**.

The Clerk is instructed to add this case to Plaintiff's Filer Status Report in CM-ECF and close this case.

Signed: August 24, 2020

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge

6

Case 3:20-cv-00167-MR   Document 12   Filed 08/24/20   Page 6 of 6